# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEANDRE D. WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-CV-1557-JSD |
| | ) |
| ADAM FIELD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff DeAndre Walton's motion for leave to proceed in forma pauperis in this civil action. ECF No. 4. The Court has reviewed the motion and the inmate account statement provided in support and will grant the motion and assess an initial partial filing fee of $6.23. Additionally, the Court will dismiss this action without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. District courts "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of" the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the motion for leave to proceed in forma pauperis, Plaintiff submitted a copy of his certified inmate account statement. ECF No. 7. A review of Plaintiff's account indicates an average monthly deposit of $31.15 and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.23, which is 20 percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Assistant Circuit Attorney Adam Field. Plaintiff sues Field in both his official and individual capacities. He alleges as follows.

On September 13, 2023, Plaintiff "signed a proffer agreement with" Defendant Field "to provide information in exchange for a good faith factor."[1] ECF No. 1 at 3. On September 16, 2023, Plaintiff contends Defendant Field contacted him about a second proffer agreement unrelated to his criminal case. Plaintiff again complied, which resulted in the conviction of an unrelated individual. A week later, Plaintiff states he agreed to another proffer agreement. Plaintiff alleges Defendant Field "breached the agreement as he never gave the Plaintiff the meeting the state agreed to" and "violated the Plaintiff['s] waiver to right of counsel agreement" by informing the

---

[1] Review of public records on Missouri Case.net shows that in September of 2023, Plaintiff was charged with two counts of First-Degree Murder, two counts of Armed Criminal Action, and one count of Unlawful Possession of a Firearm in the matter *State v. Walton,* No. 2222-CR00369-01 (22nd Jud. Cir. 2022). He has since been convicted. This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

3

court that he waived his right "unintelligently." For relief, Plaintiff seeks $80,000 for pain and suffering.

Attached to the complaint is a copy of Plaintiff's "Written Waiver of Right to Counsel," ECF No. 1-2 at 1-2, and a letter, dated September 12, 2023, signed by Defendant Fields, *Id.* at 3-5. The letter provides the terms and conditions regarding "the contemplated proffer" and indicates it is not a plea agreement but, rather, a "good faith commitment" by the Circuit Attorney's Office "to factor in the nature and extent of [Plaintiff's] cooperation when deciding potential resolutions for pending charges and recommendations for sentencing to the Court." ECF No. 1-2 at 3-5.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff identifies Defendant Field as an employee of the St. Louis City Circuit Attorney's Office, and states he sues him in his official capacity. A claim against a public official in his official capacity is merely another way of pleading an action directly against the public entity itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Court therefore interprets Plaintiff's official capacity claims against Field as seeking to impose liability upon the City of St. Louis.

Plaintiff's claims fail because his allegations do not establish that Field committed any constitutional violation pursuant to an official City custom, policy, or practice. *See Monell*, 436 U.S. at 690-92 (describing a municipal liability claim). To the extent Plaintiff can be understood to seek to impose liability upon the Office of the Circuit Attorney, such claims fail because the

4

Office of the Circuit Attorney is not a legal entity amenable to suit under 42 U.S.C. § 1983. *See Stockley v. Joyce,* 2018 WL 4300323, at *3 (E.D. Mo. Sept. 10, 2018) (citing cases).

As to the individual capacity claim against Defendant Field, it also fails. Plaintiff's allegations against Field are based on actions he took while initiating and pursuing a criminal prosecution sand representing the State of Missouri in *State v. Walton*. Field is absolutely immune from such claims. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same). Allegations of improper motive would not save Plaintiff's claims. *See Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (a prosecutor is immune from suit even if he knowingly presents false, misleading, or perjured testimony, or withholds or suppresses exculpatory evidence). A prosecutor's involvement in a proffer agreement and waiver of counsel would certainly qualify as actions taken while pursuing a criminal prosecution. *See e.g., Amrine v. Brooks*, No. 04-4300-CV-C-NKL, 2007 WL 436087, at *7 (W.D. Mo. Feb. 6, 2007), *aff'd*, 522 F.3d 823 (8th Cir. 2008), and *aff'd*, 522 F.3d 823 (8th Cir. 2008) ("Even if [the prosecutor] knew that [a witness] statement was untruthful, the deal and the interview itself were still done in preparation for trial" and thus under the umbrella of prosecutorial immunity).

For the foregoing reasons, the Court concludes that Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). This is not a situation in which leave to amend should be given. Plaintiff is sufficiently clear about the claims he wishes to bring, and the Court

can envision no amendment to the complaint that would cause it to state a valid claim for relief. The Court will therefore dismiss this case at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $6.23. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of January 2025.

                                                JOHN A. ROSS  
                                                SENIOR UNITED STATES DISTRICT JUDGE